UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LYNN JACKSON, JR., individually and as Personal Representative of the Estate of FOREST EDWIN JACKSON, deceased, and CATHERINE IRENE JACKSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MOUNTLAKE TERRACE, a political subdivision of the STATE OF WASHINGTON, OFFICER MATT PORTER; OFFICER BRIAN MOSS; SWEDISH MEDICAL CENTER, a corporation doing business in the State of Washington, and GRETCHEN TOPPING,<br><br>Defendants. | No.  2:16-cv-1282<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Comes Now the Estate of Forest Edwin Jackson, and his parents Robert Jackson, Jr. ("Rob") and Catherine Irene Jackson ("Cathy"), individually, by and through their attorneys of record, Julie A. Kays and Lincoln C. Beauregard, and avers and alleges as follows:

**I.     PARTIES**

1. At the time of his preventable murder, Forest Edwin Jackson ("Forest") was

COMPLAINT - 1 of 7

1   only 20 years old.  Forest is the only son of Rob and Cathy Jackson.  Forest had applied to a
2   local community college, and was working in a local pharmacy, following in his Mom's
3   footsteps. Rob and Cathy had a very close and dear relationship with their son, and the family
4   loved spending time together.  Rob is the personal representative of Forest's estate and brings
5   all allowable claims on behalf of the Estate as allowed for under Federal law.

6   2.      Plaintiff Rob Jackson is the father of Forest. Rob brings all allowable claims
7   on behalf of the Estate as allowed for under Federal law.  He misses his son dearly, and there
8   is not a day that goes by that he does not think of his son and the loss of love and
9   companionship of his only boy.

10  3.      Plaintiff Cathy Jackson is the mother of Forest.  Cathy brings all allowable
11  claims on behalf of the Estate as allowed for under Federal law. Cathy and Forest had a
12  particularly close relationship.  She misses her son dearly, and there is not a day that goes by
13  that she does not think of her son

14  4.      Defendant City of Mountlake Terrace is a political subdivision of the State of
15  Washington.  The City's Police Department carries out law enforcement functions for the City
16  of Mountlake Terrace to include making arrests, involuntary commitment of individuals,
17  investigating crime, and keeping the citizens of Mountlake Terrace safe.

18  5.      Officers Matt Porter and Officer Brian Moss are employed by the City of
19  Mountlake Terrace as police officers.  Officers Porter and Moss were acting under color of
20  law, within the scope of their employment, and performing their official functions as police
21  officers when they interacted with Toby Sauceda, failed to arrest him for sexual assault, failed
22  to conduct a proper sexual assault investigation, failed to properly involuntarily commit him,
23  failed to put a police hold on Sauceda once involuntarily committed, and failed to book him

into jail.

6. Defendant Swedish Medical Center is a corporation doing business in Washington State through its various facilities including the Edmonds facility. Defendant Swedish Medical Center agreed to take on the responsibility of accepting, caring for and monitoring of individuals brought into their care on an "involuntary commitment." When Defendant Swedish Medical Center takes on a government function it makes itself subject to suit as if it were a government entity….

7. Defendant Gretchen Topping is a mental health professional employed by Defendant Swedish Medical Center. Defendant Topping was working on the night that Mountlake Terrace Officer Porter sought an involuntary commitment of Toby Sauceda. Defendant Topping failed to follow well established protocols for involuntary commitment procedures, and with deliberate indifference to the rights of others, let the mentally ill, violent and high Saucedo leave the hospital, without contacting law enforcement, and within a span of little over an hour killed Forest Jackson.

## II.   JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1367. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. Sec. 1391 because Defendant Mountlake Terrace and Swedish Medical Center, and defendant employees, reside in this judicial district and a substantial portion of the events and omissions giving rise to this claim occurred in Snohomish County, within the Western District of Washington.

## III.   STATEMENT OF FACTS

9. Toby Sauceda was well known to law enforcement for having significant mental health problems, suicidal tendencies, domestic violence, drug abuse and physically

assaulting officers.

The Everett Herald reported that:

> In February, Sauceda had barricaded himself inside an apartment after threatening to slit his throat and overdose on pills, court papers said. Police forced the door open and found Sauceda sitting in an office chair with a gun. He pointed the pistol at an officer. Sauceda eventually dropped the weapon, which turned out to be a BB-gun made to appear like a Beretta semiautomatic pistol. Sauceda is charged with assault in connection with that incident.

*Everett Herald*, July 19, 2014.

10. At 11:43pm on Friday, March 28, 2014, Sauceda called 911 and reported that he had raped a woman, M.L. Officers responded to the 911 call and Sauceda confirmed that he had in fact raped a woman, M.L. The young woman was at the scene, and she confirmed that Sauceda had sexually assaulted her. Rape is a felony in the State of Washington.

11. The victim M.L. resided in the same apartment with Forest Jackson. Forest was not present at the time the 911 call reporting the rape was made.

12. Instead of investigating the crime, or calling Detectives to the scene to interview the victim and Sauceda, or calling crime scene response teams to the scene to gather evidence, Officers Porter and Moss violated fundamental principles of police sexual assault investigations. Through their inept handling of a rape investigation, the Officers mis-categorized the rape as Felony Voyeurism and even then failed to arrest and book Sauceda into jail.

13. Officers Porter and Moss were in over their heads. Instead of arresting Sauceda for Rape, and booking him into jail, Officer Porter filled out an involuntary commitment form in which he listed Sauceda, not as a "suspect" but as "Institutionalized." Porter further documents Sauceda as "unable to care for himself" and curiously, having just

confessed to raping a victim does not list him as posing "threats to others." Despite the fact that Sauceda admitted to raping a woman, Officer Porter details that there is not a "chargeable offense," and indicates that there is NOT a police hold on him.

13. Officers Porter and Moss should have booked Sauceda into jail for investigation of rape. Officers Porter and Moss should have remained at the hospital until it was clear that Sauceda was going to be kept against his will on an involuntary commitment. Officer Porter and Moss should have placed a "police hold" on Sauceda in order to ensure that this dangerous individual with a history of raping women, and assaulting police officers, was not released back onto the streets. Instead they dropped Sauceda off at the hospital and drove away. In that regard, police reports indicate the following:

> 04/16/2014 – I met with Gretchen Topping from Swedish Edmonds at approximately 0740 hours. Also in attendance was Pamela J. Hanlon, who works in the Quality Management Regulatory Compliance Department. I asked Topping if there was anything else she could tell me about Sauceda and her contact with him.
>
> Topping said her contact with him was fairly brief, and that Sauceda immediately told her that he had lied to the police because he wanted to go to jail. He told her that when he realized he was not going to be taken to jail for the alleged rape, he feigned being confused, thinking that would make the officers take him to jail. Topping also told me that Sauceda asked her if she could have him put in jail, to which she told him no. She told me that Sauceda answered all of the standard questions regarding date, time, current events, etc; he stated he had no desire to harm himself or others and he appeared to be lucid – he did not meet any of the criteria for an involuntary hold.

Based upon the assorted breaches identified herein, these defendants are liable to the Plaintiffs.

### IV. CAUSE OF ACTION AGAINST SWEDISH MEDICAL CENTER & GRETHCHEN TOPPING: SECTION 1983

14. These defendants are liable to the Plaintiffs under Section 1983 for creating the danger giving rise to these events by failing to properly detain Sauceda when he continued to display an imminent danger to himself and others. In this regard, these defendants met the

test(s) as public actors subject to Section 1983 liability.  There are four tests for determining whether a private party's actions amount to state action for purposes of imposing liability under § 1983: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. 42 U.S.C.A. § 1983.  Each of these tests individually and/or collectively is satisfied in this regard in such a way that violated Plaintiffs' rights under the United State Constitution to include all applicable Amendments including substantive due process under the Fourteenth Amendment.

### IV.   CAUSE OF ACTION AGAINST CITY OF MOUNTLAKE TERRACE, OFFICER PORTER, AND OFFICER MOSS: SECTION 1983

15.    These defendants are liable to the Plaintiffs under Section 1983 for creating the danger giving rise to these events by failing to properly detain Sauceda when he continued to display an imminent danger to himself and others.  These acts, and the assorted failures identified herein, render these defendants liable to the Plaintiffs for all remedies available under the law in such a way that violated Plaintiffs' rights under the United State Constitution to include all applicable Amendments including substantive due process under the Fourteenth Amendment.

### IV.   CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

16.    The actions and omissions described herein caused harm to Plaintiffs in such a way that was avoidable and preventable.  Defendants violated their own internal policies, practices, and mandates with regard to the creation of the dangers noted herein.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having set forth their causes of action herein against Defendants, pray for judgment against Defendants, for general (loss of consortium and pre-

1  death pain and suffering) and special damages in amounts as shall be proven at trial, punitive

2  damages, and for reasonable attorneys fees in accordance with law, and otherwise, for

3  Plaintiffs' costs and disbursements herein incurred, and for such other and further relief as the

4  Court may deem just and equitable under the circumstances including appropriate injunctive

5  relief and provided by law.

6  **VIII.   DEMAND FOR JURY TRIAL**

7  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury for

8  all issues so triable.

9

10  DATED this 15th day of August, 2016.

11  CONNELLY LAW OFFICES

12

13  By____s/ Lincoln C. Beauregard_____
   Lincoln C. Beauregard, WSBA No. 32878
14  2301 North 30th Street
   Tacoma, WA 98403
15  Phone: (253) 593-5100
   E-mail: Lincolnb@connelly-law.com
16  Attorneys for Plaintiffs

17  CONNELLY LAW OFFICES

18

19  By____s/ Julie A. Kays_____
   Julie A. Kays, WSBA No. 30385
20  2301 North 30th Street
   Tacoma, WA 98403
21  Phone: (253) 593-5100
   E-mail: jkays@connelly-law.com
22  Attorneys for Plaintiffs

23